UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

CHARLES NELSON,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** Defendant THE STANDARD FIRE INSURANCE COMPANY ("Standard Fire"), by and through its undersigned counsel, and hereby files and serves this Notice of Removal of the civil action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2024-CA-022552, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal, states as follows:

    *A.    Background*

Plaintiff CHARLES NELSON brings this action after allegedly being injured in a motor vehicle accident on or about September 12, 2023. Plaintiff claims that on that date, he was an owner and operator of a motor vehicle traveling in Melbourne, Brevard County, FL. He claims at that time and place, non-party April Nichole Shea negligently operated and/or maintained her motor vehicle by allegedly failing to come

1

to a stop and allegedly crashing into the rear of Plaintiff's motor vehicle. *See* Cmplt., ¶¶ 4–6.

Plaintiff claims Shea was an uninsured/underinsured motorist at all times material. *Id.* ¶ 10. He claims that Standard Fire issued a policy of insurance to Plaintiff that was in full force and effect on the date of this accident. He claims said policy provided uninsured/underinsured ("UM/UIM") motorist coverage for Plaintiff in the amount of $100,000/$300,000. Plaintiff claims Standard Fire has allegedly refused to pay Plaintiff for the full value of his claim relating to the subject accident. He claims that as a result of the accident, he allegedly suffered bodily injury, pain, suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing disease or physical defect, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and loss of ability to lead and enjoy a normal life. *Id.* ¶¶ 7–12.

Plaintiff initiated this action on or about April 2, 2024, by filing a Complaint against Standard Fire, in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2024-CA-022552. Copies of the Complaint filed in state court, along with accompanying exhibits, all other process, pleadings, orders, or other papers or exhibits of every kind that were filed in the state court, are attached hereto as Exhibits "1" through "4". Defendant now removes this action to the United States District Court for the Middle District of Florida, Orlando Division, based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### B. *Removal Generally*

Removal of cases from state courts to federal courts is governed in part by 28 U.S.C. § 1441, which states in pertinent part as follows:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one over which the United States District Court for the Middle District of Florida, Orlando Division, would have original jurisdiction, this case may properly be removed pursuant to 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In the instant case, Defendant has filed a Notice which complies with 28 U.S.C. § 1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, Defendant has filed with this Court a copy of all process, pleadings, orders or other papers which have been filed in the state-court action.

### C. *Federal Jurisdiction*

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28

3

U.S.C. § 1332(a)(1); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Both the diversity-of-citizenship and amount-in-controversy requirements are satisfied in this case.

    1.    <u>Diversity of Citizenship</u>

Complete diversity requires that every plaintiff have diverse citizenship from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Federal courts have explained that citizenship of an individual, for purposes of diversity jurisdiction, is determined by his or her domicile, which is the place of the person's "'true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.'" *BGX E-Health LLC v. Darren Neil Masters*, No. 6:21-cv-1022-WWB-LHP, 2022 WL 9964905, at *3 (M.D. Fla. Oct. 17, 2022) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2022)).

Courts within this Circuit have found that allegations of residence, standing alone, are insufficient to establish domicile. *See, e.g.*, *Raslavich v. Albee Baby Carriage Co., Inc.*, No. 8:22-cv-2207-CEH-MRM, 2022 WL 6698826, at *2 (M.D. Fla. Oct. 11, 2022) (explaining the difference between domicile and residence for purposes of diversity jurisdiction). Instead, the removing party must establish a person's intent to remain in his state of residence. Such is often demonstrated by the homestead exemption, voter registration, driver's licenses, and automobile registration. *See, e.g.*, *Eubanks v. Progressive Am. Ins. Co.*, No. 6:22-cv-1672-RBD-DCI, Doc. 6 (M.D. Fla. Sept. 20, 2022) (order to show cause by District Judge Dalton, collecting cases and

identifying evidence that may be used to demonstrate domicile for purposes of diversity jurisdiction); *BGX E-Health LLC*, 2022 WL 9964905, at *3 (collecting cases and identifying materials that courts may consider to determine domicile); *Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011) (recognizing the Florida homestead exemption as evidence of domicile); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016) (identifying factors frequently taken into account when determining an individual's domicile).

Here, regarding Plaintiff, Florida voter registration records indicate that Plaintiff is currently registered to vote in the State of Florida. Said record also shows Plaintiff as holding an address in Brevard County, Florida. *See* Exhibit "5". Plaintiff, himself, also alleges that at all times material to this action, he was a natural person residing in Brevard County, FL. *See* Exh. "1", ¶ 2. Accordingly, Plaintiff is domiciled in, and a citizen of, Florida for purposes of diversity jurisdiction.

Next, regarding Defendant Standard Fire, as explained in the attached Declaration and documents from the State of Florida Division of Corporations, Standard Fire is a Connecticut corporation with its principal place of business in Connecticut. *See* Exhibit "6". Accordingly, Standard Fire is a citizen of Connecticut for purposes of diversity jurisdiction.

Since Plaintiff is a citizen of Florida, and Defendant is a citizen of Connecticut, complete diversity of citizenship exists between Plaintiff and Defendant; therefore, § 1332's diversity-of-citizenship requirement is satisfied in this case.

### 2. Amount in Controversy

In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). When the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy" and "may consider facts alleged in the [complaint or] notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).

In this case, Plaintiff alleges that he has brought an action for damages in excess of $50,000. *See* Exh. "1", ¶ 1. Therefore, the burden shifts to the removing defendant to demonstrate that the amount in controversy in this case more likely than not exceeds $75,000.

6

Here, prior to filing suit, Plaintiff's counsel provided Defendant with a presuit demand package, dated January 23, 2024, in which Plaintiff made a demand to Standard Fire for policy limits. *See* Exhibit "7", at 1, 5. As alleged in the Complaint, the UM/UIM limits of liability are $100,000/$300,000. *See* Exh. "1", ¶ 8. Regarding Plaintiff's alleged injuries, medical expenses, and past and future medical treatment, the letter alleged that following the accident, Plaintiff complained of a left elbow bruise, pain and stiffness in the middle right side of his back, and neck stiffness. He claims to have undergone conservative treatment along with a cervical spine MRI, and was allegedly recommended for various pain management procedures by Spine and Orthopedic Specialists. *See* Exh. "7", at 3.

In particular, according to a record of treatment with OSI Health, dated January 3, 2024, which was included with Plaintiff's demand package, Plaintiff appeared to complain of pain in his neck and low back following the accident. *Id.* at 7. He was subsequently seen by a chiropractor three times weekly. *Id.* As of his January 3, 2024 visit with OSI Health, he reported that the pain in his right scapula remained the most intense. The report noted Plaintiff had undergone MRIs of his cervical and thoracic spine on October 24, 2023, with the cervical spine MRI reportedly showing multiple disc herniations. *Id.* at 9. He was assessed as follows: cervical disc displacement; cervical radiculopathy; cervical facet joint syndrome; lumbar sprain; lumbar facet joint syndrome; thoracic facet joint syndrome; acute pain of right shoulder; and subacromial impingement of right shoulder. The report notes OSI Health discussed with Plaintiff the following potential interventional options for treatment of his

cervical and thoracic spine, respectively: right CESI C7-T1, or cervical bilateral MBB injections at C4-5, C5-6, and C6-7 with possible RFA if good relief, or right C3-4 and C4-5 endoscopic discectomy; and thoracic bilateral MBB injections at T9-10, T10-11, and T11-12 with possible RFA if good relief. The report notes Plaintiff "may have future medical needs to include but not be limited to the above listed procedures." *Id.* at 9–10.

Regarding claimed monetary damages, Plaintiff's demand package further alleged that Plaintiff had incurred total medical bills to date of $11,059.23. It further claimed non-economic damages of pain and suffering of $19,200.00, and future pain and suffering of $735,256.00. *id.* at 4–5. Once again, the demand package demanded policy limits. *Id.* at 5.

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008); *Short v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-839-Orl-28, 2013 WL 5550789, at *2 (M.D. Fla. Sept. 25, 2013); *Fischer v. State Farm Mut. Auto. Ins. Co.,* No. 10–14124–CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Courts have found demand letters to be "'legally certain evidence'" that the amount in controversy meets federal jurisdictional requirements. *Bowen v. State Farm Mut. Auto. Ins. Co.,* No. 6:10–cv–144–Orl–19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting *Lazo v. U.S. Airways, Inc.,* No. 08–80391–CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)).

Here, Plaintiff's presuit demand sought payment of the policy limits of $100,000.00. Such demand, standing alone, establishes by a preponderance of the evidence the diversity jurisdiction amount-in-controversy requirement. *See, e.g.*, *Bowen*, 2010 WL 1257470, at *3; *Fischer*, 2011 WL 573836, at *2 ("Evidence of a settlement demand in excess of $75,000.00 constitutes evidence that the jurisdictional requirement has been met. . . . Plaintiffs have not introduced evidence that the amount in controversy is $75,000 or less. Defendant has accordingly met its burden of showing by a preponderance of the evidence that the jurisdictional amount was met."). Furthermore, Plaintiff appears to allege past medical bills of at least $11,059.23. He also claims the need for future medical care and claims significant alleged non-economic damages. Taking these factors into account, as well as Plaintiff's demand of $100,000.00, § 1332's amount-in-controversy requirement is satisfied in this case. *See, e.g.*, *Katz v. J.C. Penney Corp.*, No. 09-60067, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009) (taking into account the plaintiff's estimates of future medical care and damages for pain and suffering in assessing the amount-in-controversy requirement).

For the reasons stated above, both the diversity-of-citizenship and amount-in-controversy requirements contained in § 1332 are satisfied. Consequently, this Court has original jurisdiction over this entire civil action.

    **D.**    *Venue*

28 U.S.C. § 1441(a) provides that a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed this case—and it is currently pending in—the Circuit

9

Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2024-CA-022552. The Middle District of Florida and the Orlando Division of the United States District Court for the Middle District of Florida embrace Brevard County, Florida. *See* 28 U.S.C. § 89(b); M.D. Fla. Local R. 1.04(a), (b). Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Orlando Division.

### E.   *Timeliness of Removal*

28 U.S.C. § 1446(b) requires that a Notice of Removal in a civil action or proceedings shall be filed within thirty (30) days after receipt by defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

Here, pursuant to FLA. STAT. §§ 48.151(3) and 624.423, the Complaint was served upon the Florida Chief Financial Officer, as process agent of Standard Fire, on April 2, 2024. It was then served on Standard Fire on April 3, 2024, which constitutes the date of receipt for purposes of Section 1446(b). *See* Exhibit "4" at 56, 57 (Notice of Service of Process); *see also Torres v. GEICO Gen. Ins. Co.*, No. 21-21623-CIV-WILLIAMS/MCALILEY, 2021 WL 3184660, at *1–2 (S.D. Fla. July 28, 2021), *affirmed and adopted by Torres v. GEICO Gen. Ins. Co.*, No. 21-21623-CIV-WILLIAMS, 2021 WL 4989961 (S.D. Fla. Oct. 27, 2021) (finding that the date of receipt by the defendant under 28 U.S.C. § 1446 is the date that the insurance company defendant actually receives the pleading from the Florida CFO, and not the date of service on the

Florida CFO, in accordance with FLA. STAT. §§ 48.151(3)). Plaintiff's Complaint is the first pleading properly served on Standard Fire. Therefore, removal is timely.

### F. *Unanimous Consent to Removal*

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant consents to this removal, and since Defendant Standard Fire is the only Defendant to this action, consent to removal is unanimous.

### G. *Conclusion*

WHEREFORE, for the grounds set forth above, Defendants THE STANDARD FIRE INSURANCE COMPANY respectfully requests that the entire civil action now pending before the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2024-CA-022552, *Charles Nelson v. The Standard Fire Insurance Company*, be removed to the United States District Court of the Middle District of Florida, Orlando Division.

Respectfully submitted this 2nd day of May, 2024.

> LAW OFFICE OF JACK D. EVANS
>
> /s/ JOHN JANOUSEK, ESQ.
> _____
> John Janousek, Esquire
> Fla. Bar No. 98599
> 2420 Lakemont Avenue, Suite 125
> Orlando, Florida 32814
> Telephone:  (407) 388-2916
> Facsimile:   (855) 203-0311
> Attorney for Defendant

JJanouse@travelers.com  
JDeorlan@travelers.com  
LFriedm2@travelers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system on this 2nd day of May, 2024, which shall serve a copy of the foregoing to all counsel of record. Additionally, I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served by e-mail to all counsel of record included on the attached Service List.

LAW OFFICE OF JACK D. EVANS

/s/ JOHN JANOUSEK, ESQ.

_____

John Janousek, Esquire  
Fla. Bar No. 98599  
2420 Lakemont Avenue, Suite 125  
Orlando, Florida 32814  
Telephone:   (407) 388-2916  
Facsimile:    (855) 203-0311  
Attorney for Defendant  
JJanouse@travelers.com  
JDeorlan@travelers.com  
LFriedm2@travelers.com

## SERVICE LIST

Bailey Shadburn, Esq., Morgan & Morgan, P.A., 940 S Harbor City Blvd, Melbourne, FL 32901, Attorney for Plaintiff.
Email: bshadburn@forthepeople.com; mspradley@forthepeople.com; lorraine.perez@forthepeople.com